[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14246
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 90-00127-CR-J-20

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH AUSTRALIA BOWDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2010)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Australia Bowden appeals his sentence of imprisonment of 360

months imposed after the district court reduced Bowden's original sentence of imprisonment for 480 months for his drug crimes. 18 U.S.C. § 3582(c)(2). Bowden argues that his sentence is unreasonable. We affirm.

In 1990, Bowden was convicted of conspiracy to distribute cocaine base, 21 U.S.C. § 846, possession with intent to distribute cocaine base, id. § 841(a)(1); 18 U.S.C. § 2, and six counts of distributing cocaine base, id.; 21 U.S.C. § 841(a)(1). The presentence investigation report provided a base offense level of 36 because Bowden's crimes involved at least 500 grams of cocaine base, United States Sentencing Guidelines § 2D1.1(a)(3) (Nov. 1987), and the report increased that level by 4 points for Bowden's possession of a firearm, id. § 2D1.1(b)(1), and his substantial role in the conspiracy, id. § 3B1.1(c). With a criminal history of IV, the report provided a sentencing range between 360 months and life imprisonment. The district court sentenced Bowden to 480 months of imprisonment.

In January 2008, Bowden moved to reduce his sentence. 18 U.S.C. § 3582(c)(2). Bowden requested a two point reduction of his base offense level, which provided an amended guideline range between 324 and 405 months of imprisonment. See U.S.S.G. App. C, Amend. 706 (Supp. Nov. 1, 2007). Bowden requested that the district court sentence him to 324 months of imprisonment. After the district court appointed counsel for Bowden, he requested a sentence

below the guideline range based on the sentencing factors, 18 U.S.C. § 3553(a), and the disparity among sentences imposed for offenses involving cocaine hydrochloride and cocaine base.

The district court granted Bowden's motion and reduced his sentence to 360 months of imprisonment. The district court explained that, except for the two level reduction of Bowden's base offense level, "all provisions of the judgment imposed on February 18, 1991, . . . remain[ed] in effect . . . ." Bowden moved for reconsideration. Bowden requested a "sentence not more than 324 months," or "[i]n the alternative," for the district court to "state its reasons for declining to do so." The district court denied Bowden's motion summarily.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court may reduce a term of imprisonment when the guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). When the district court recalculates the sentence under the amended guidelines, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). The district court must decide, in the light of the statutory sentencing factors, 18 U.S.C.

3

§ 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Bravo, 203 F.3d at 781.

The district court did not err in reducing Bowden's sentence. Bowden argues that the district court failed to "consider and articulate" the sentencing factors, 18 U.S.C. § 3553(a), and the court failed to account for his background and rehabilitation, but the record refutes these arguments. The district court stated that it had reviewed Bowden's motion and "considered the supplemental presentence report[,] . . . the parties responses," and "the 18 U.S.C. § 3553(a) factors before determining what was an appropriate sentence . . . ." See United States v. Williams, 557 F.3d 1254, 1256–57 (11th Cir. 2009). After it considered Bowden's arguments, the district court reduced Bowden's sentence to 360 months of imprisonment. See 28 U.S.C. § 3553(a); Bravo, 203 F.3d at 781. Bowden also argues that district court had discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 522 U.S. 85, 128 S. Ct. 558 (2007), but those decisions do not apply to a motion to reduce a sentence. See United States v. Melvin, 556 F.3d 1190, 1191–93 (11th Cir. 2009). Although Bowden asks that we reconsider our decision in Melvin, the holding of a prior panel "is binding on all

4

subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Bowden's modified sentence is **AFFIRMED**.